FILED
97 APR 22 AM 9:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

WENDY HUDSON,  }
                            }
    Plaintiff,           }
                            }         CIVIL ACTION NO.
    vs.                    }
                            }         CV-97-AR-0475-S
SOUTHTRUST CORP.,    }
                            }
    Defendant.          }
                            }
                            }

ENTERED
APR 2 2 1997

**MEMORANDUM OPINION**

The court has before it defendant's motion for judgment on the pleadings pursuant to Rule 12(c) F.R.Civ.P. Defendant thoroughly briefed the issues and appeared at this court's motion docket on April 18, 1997. Plaintiff's only response to defendant's motion has been to amend her complaint to meet defendant's objection that her Equal Employment Opportunity Commission ("EEOC") claim mentioned only race discrimination, and not sex discrimination. Plaintiff amended her complaint to allege race discrimination and has deleted any reference to sex discrimination. Accordingly, defendant's motion, with regard to plaintiff's claim of sex discrimination, will be deemed moot.

Defendant also moved for judgement on the pleadings with

1

regard to plaintiff's Americans with Disabilities Act ("ADA") claims and Family and Medical Leave Act ("FMLA") claims.

## ADA

Defendant contends that pregnancy is not a disability pursuant to the ADA. Several district courts have adopted this position. *See Lehuller v. Sag Harber,* 944 F. Supp. 1087, (E.D.N.Y. 1996); *Johnson v. A.P. Prods., Ltd.,* 934 F. Supp. 625 (S.D.N.Y. 1996); *Gudenhauf v. Staouffer,* 922 F. Supp. 465 (D. Kan. 1996). These courts have held that pregnancy is a temporary condition that is the natural consequence of reproduction. *See Lehmuller,* 944 F. Supp. at 1093. Accordingly, pregnancy does not "affect a major life activity." *Id.* (pregnancy without complications is not covered under the ADA); *see also Johnson,*, 934 F. Supp. at 627 (pregnancy and its attendant complications do not fall under the ADA). Furthermore, the court in *Johnson*, found that because pregnancy is a "temporary, non-chronic impairment[] of short duration, with little or no long term permanent impact, [it is] not [a] disability." *Johnson,* 934 F. Supp. at 627 (citing 29 C.F.R. 1630, App. § 1630.2(h) that finds such temporary conditions do not usually constitute disabilities under the ADA). That court also noted that Title VII and the Pregnancy Discrimination Act ("PDA")

2

offered avenues of relief for claims premised on pregnancy discrimination. *Id.* The PDA, at the very least, would be unnecessary and inherently redundant if the ADA were to apply here. While the Eleventh Circuit and the district courts within it, have not addressed this issue, this court is persuaded by the reasoning of the several courts that have. Accordingly, defendant's motion is due to be granted as to plaintiff's ADA claim.

## FMLA

Defendant further contends that plaintiff's claims allegedly arising under the FMLA should be dismissed. Plaintiff acknowledges in her pleadings that she began working for defendant on January 29, 1996. (Plaintiff's Compl. ¶ 9). Furthermore she acknowledges that she left said employment due to her pregnancy on August 9, 1996. (Plaintiff's Compl. ¶ 11). She told defendant that she could return to work on September 21, 1996, but was told that she had been replaced and that she would have to re-apply as a new hire. (Plaintiff's Compl. ¶ 11).

The FMLA requires employers to grant leave under certain circumstances to "eligible employees". Eligible employees are those persons who have been employed:

> (i) for at least 12 months by the employer with respect to whom leave is requested under section 2612 of this title; and

3

>     (ii) for at least 1,250 hours of service with such
>     employer during the previous 12-month period.

29 U.S.C. § 2611(2)(A)(1997). The statutory twelve month employment period is measured from the point that leave commences. See *Jessie v. Carter Health Care Center, Inc.*, 926 F. Supp. 613, 617 (E.D. Ky. 1996) (citing 29 C.F.R. § 825.110(d)). By admissions in her complaint, plaintiff does not fall in the "eligible employee" category because she was employed for less than 7 months.

However, plaintiff did allegedly inform defendant at the time of her employment that she would have a baby within eight months. Furthermore, her supervisors told her that she would be eligible for leave in six months. (Plaintiff's Complaint ¶ 10). Seemingly pertinent regulations provide:

>     If an employee notifies the employer of the need for FMLA
>     leave before the employee meets these eligibility
>     criteria, the employer must either confirm the employee's
>     eligibility based upon a projection that the employee
>     will be eligible on the date leave would commence or must
>     advise the employee when the eligibility requirement is
>     met. If the employer confirms eligibility at the time the
>     notice for leave is received, the employer may not
>     subsequently challenge the employee's eligibility. . . .
>     If the employer fails to advise the employee whether the
>     employee is eligible prior to the date the requested
>     leave is to commence, the employee will be deemed
>     eligible. The employer may not then, deny the leave.

29 C.F.R. § 825.110(d). At least one court, without comment on the regulation's validity, has applied § 825.110(d) and found:

> In the event that the employer fails to advise or confirm, the employee is deemed eligible. In order for this promissory estoppel mechanism to apply, the employee must notify the employer of the need for leave (although the employee does not have to invoke specifically the FMLA).

*Carter Health Care*, 926 F. Supp. at 617 (citing 29 C.F.R. § 825.110(d)). While neither party addressed the issue, this court determines that the regulation is in conflict with the clear and unambiguous language of the statute and accordingly that it violates the constitutionally prescribed separation of powers, the Administrative Procedure Act, and the proscription on certain agency rule making contained in *Chevron U.S.A., Inc. v. National Resources Defense Council, Inc*, 467 U.S. 837, 104 S. Ct. 2781 (1984). *See Wolke v. Dreadnought Marine, Inc.*, __ F. Supp. __, (E.D. Va. 1997), 1997 WL 74402 (to be reported at 954 F. Supp. 1133).

The statute provides no interstices, no ambiguous language, and no provision for equitable adjustment of the statutorily prescribed time requirements. Even so, the Secretary of Labor, allegedly acting within the confines of his regulatory function, made possible by 29 U.S.C. § 2654, substantially expanded the scope of the FMLA. For whatever reason, Congress forewent equitable exceptions to its 12 month rule. The Secretary may not come along now and alter the bargain struck in Congress, and change the

meaning of "12 months". Because the Secretary's interpretation is in conflict with the statutory language, and because the Secretary has exceeded the boundaries of his broad regulatory power, this court determines that the regulations are invalid and unconstitutional. *See Wolke*, ___ F. Supp. at ___, 1997 WL 74402 at *2-*5.

Because plaintiff is not an "eligible employee" under the FMLA her claim arising under the FMLA is due to be dismissed.

A separate and appropriate order will be entered.

DONE this 22nd day of April, 1997.

*/s/ William M. Acker*
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT COURT